William A. MAUNZ, Petitioner–
Appellant,

v.

David M. ZUPAN, Warden, San Carlos
Correctional Facility, CDOC; The At-
torney General of the State of Colora-
do, Respondents–Appellees.

No. 13–1230.

United States Court of Appeals,
Tenth Circuit.

Aug. 14, 2013.

William A. Maunz, pro se.

John D. Seidel, Office of the Attorney
General for the State of Colorado, Denver,
CO, for Respondents–Appellee.

Before LUCERO, McKAY, and
MURPHY, Circuit Judges.

## ORDER DENYING CERTIFICATE
OF APPEALABILITY

MICHAEL R. MURPHY, Circuit
Judge.

This case is before the court on William
A. Maunz's pro se requests for a certificate
of appealability ("COA") and for permis-
sion to proceed on appeal in forma pauper-
is ("IFP"). Maunz seeks a COA so that he
can appeal the district court's dismissal
without prejudice of his 28 U.S.C. § 2254
habeas petition. *See* 28 U.S.C.
§ 2253(c)(1)(A) (providing no appeal may
be taken from "the final order in a habeas
corpus proceeding in which the detention
complained of arises out of process issued
by a state court" unless the petitioner first
obtains a COA).

The district court's conclusion that
Maunz's habeas claims are unexhausted is
undeniably correct and Maunz's arguments
to the contrary are clearly frivolous.
Maunz was convicted by a Colorado state
jury of second degree burglary and third
degree criminal trespass. Maunz's direct
appeal remains pending in the Colorado
Court of Appeals. 28 U.S.C. § 2254(b)(1)
(providing habeas corpus may not be
granted unless the petitioner has exhaust-
ed his state court remedies); *Castille v.
Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056,
103 L.Ed.2d 380 (1989) (holding the ex-
haustion requirement is met once a federal
claim has been presented fairly to the
state courts). Nevertheless, Maunz as-
serts he exhausted his state court reme-
dies by asking the Colorado Supreme
Court to exercise its discretionary authori-
ty to grant a writ of certiorari before the
Colorado Court of Appeals has rendered
judgment. As noted by the district court,
however, a nearly identical assertion was
rejected by the Supreme Court in *Castille*,
489 U.S. at 351, 109 S.Ct. 1056 (holding
that if a "claim has been presented [to the
state's highest court] for the first and only
time in a procedural context in which its
merits will not be considered unless there
are special and important reasons therefor,
... [r]aising the claim in such a fashion
does not, for the relevant purpose, consti-
tute fair presentation" (quotation and cita-
tion omitted)).

For those reasons set out above, this
court denies both Maunz's request for a
COA and his request to proceed on appeal
IFP. 28 U.S.C. § 2253(c)(2) (providing that
to be entitled to a COA, a petitioner must
make "a substantial showing of the denial
of a constitutional right"); *DeBardeleben
v. Quinlan*, 937 F.2d 502, 505 (10th Cir.
1991) (holding that to be entitled to pro-
ceed IFP, a movant must show, inter alia,
"the existence of a reasoned, nonfrivolous
argument on the law and facts in support
of the issues raised on appeal"). The ap-
peal is hereby **dismissed** and Maunz is

ordered to immediately remit the full amount of the appellate filing fee. All other pending motions are **denied.**